## Application of COATS.

No. 2225-MC.

Florida Public Utilities Commission.

May 8, 1964.

Chairman EDWIN L. MASON, Commissioners WILBUR C. KING and JERRY W. CARTER each participated in the disposition of this matter.

BY THE COMMISSION.

Certificate no. 363, authorizing the transportation of passengers in charter carriage in the Duval County area and restricted to movements to or from Negro churches, schools, etc., was canceled

in February for dormancy. The widow of the certificate holder approved of the cancellation by a letter in which she relinquished her claim to the certificate after pointing out that neither she nor her children was able at the time to continue the business.

This certificate was issued in December, 1950, after a previous dismissal order had been taken to the Supreme Court and quashed. Since 1958 the commission has been lenient in allowing suspensions in order that the certificate not become dormant, but in 1962 Ossie Coats died and notice of dormancy was again issued after the current suspension period expired. In January, 1963, the widow, as stated above, consented to cancellation.

A formal application has been made to the commission by the widow of Ossie Coats, who was originally issued certificate of public convenience and necessity no. 363, requesting the reinstatement of the said certificate.

Technically, this certificate was cancelled in accordance with the requirements of section 323.10, Florida Statutes, but it is evident that the widow in submitting to the cancellation was not fully advised of her rights. Her letter indicates that she consented to cancellation because of a desire not to intrude on the commission's patience any longer. Also, it does not appear that she or the other heirs were aware that their property rights could have been protected by a further suspension request. In the letter she indicates that the certificate holder's children were away and were not contacted prior to the cancellation.

Although the cancellation order mentions the widow's letter and refers to it as a request for cancellation which was given consideration, it might also have recognized that it goes on to say that the widow is merely relinquishing her claim to the permit. Under the circumstances, the other heirs not having relinquished their claim, and there being, also, the fact that the cancellation notice was directed to the certificate holder after his death and not to his personal representative or heirs, the commission, after examining all the facts herein, is of the opinion that order no. 5645 should be rescinded and the certificate reinstated.

It is therefore ordered that order no. 5645 issued on February 1, 1963 in this docket be and the same is rescinded. It is further ordered that certificate of public convenience and necessity no. 363 be and the same is reinstated. It is further ordered that the applicant is directed to comply with the commission's rules and regulations governing insurance, tariffs, registration of equipment, and that it make and file proper mileage tax reports with the commission.